# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **ERIC HALE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:04CV00057 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JO ANNE B. BARNHART** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY**, | ) | |
| | ) | |
| Defendant. | ) | |

In this Social Security case, I affirm the final decision of the Commissioner.

## I. Introduction

Eric Hale filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for supplemental security income ("SSI") under title XVI of the Social Security Act, 42 U.S.C.A. §§ 1381-1383(d) (West 2003 & Supp. 2005) ("Act"). This court has jurisdiction pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

The scope of the court's review is limited to a determination as to whether there exists substantial evidence of record to support the Commissioner's final decision. *Id.* Substantial evidence has been defined as "evidence which a reasoning

mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If the Commissioner's decision is supported by substantial evidence, the court's "inquiry must terminate" and the final decision of the Commissioner must be affirmed. *Id.*

Hale applied for benefits on November 19, 2002, alleging disability since September 15, 2002, and received a hearing before an administrative law judge ("ALJ") on March 17, 2004. By decision dated March 26, 2004, the ALJ found that the plaintiff was not disabled within the meaning of the Act because he did not have a "severe" impairment. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion became the Commissioner's final decision.

The parties have briefed the issues, and the case is ripe for decision.

## *II. Facts.*

Hale was thirty-one years old at the time of the ALJ's unfavorable decision, placing him within the category of "younger individuals." He has a high school education and no past relevant work experience. Hale claims disability due to attention deficit hyperactivity disorder ("ADHD"), depression, and antisocial

personality disorder. He has not engaged in substantial gainful activity since the alleged onset date of disability.

In rendering his decision, the ALJ reviewed medical records relating to Hale's treatment by J. Herrera, M.D.; G.S. Kanwal, M.D.; Norton Community Hospital; Inez J. White, M.D.; B. Wayne Lanthorn, Ph.D.; Robert T. Strang, Sr., M.D.; S.K.R. Udupa, M.D.; Medical Arts Pharmacy; Rite Aid; Food City Pharmacy; Family Drug Center; St. Mary's Family Center; Dickenson Clinic; Frontier Health; as well as assessments by state agency physicians.

Based upon the evidence, the ALJ determined that the plaintiff's impairments were not severe because they did not impose significant work-related limitations.

### III. Analysis.

The plaintiff argues that the ALJ's decision is not based on substantial evidence. Specifically, he contends that the ALJ erred by concluding that he had no severe impairment.

The Commissioner applies a five-step evaluation process in assessing an applicant's disability claim. The Commissioner considers, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed

impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520 (2004). If it is determined at any point in the five-step analysis that the claimant is not disabled, then the inquiry immediately ceases. *See id.* § 404.1520(a) (2004). In the present case, Hale sought benefits for ADHD and depression. The ALJ determined that these impairments did not impose a significant restriction upon his ability to hold gainful employment and were "not severe" within the meaning of the Act. The review of Hale's entitlement to benefits for these impairments was therefore terminated at the second level of inquiry.

That decision is entitled to a great deal of deference and will be upset only if it is not supported by substantial evidence. *See Laws*, 368 F.2d at 642. It is the Commissioner's duty to receive evidence and establish the facts, not the court's. My role in these proceedings is simply to assess the reasonableness of the Commissioner's conclusions and determine whether they are supported by substantial evidence. Accordingly, I will not re-weigh contested evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Should I find that the Commissioner's final judgment is supported by substantial evidence, I will affirm that

decision, even if the record could support an equally reasonable, though alternate, conclusion.

The focus of this inquiry necessarily centers on whether substantial evidence has been presented to the ALJ such that he could reasonably have determined Hale did not suffer from a severe impairment. According to the regulations, an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a) (2004). The regulations define "basic work activities" as the abilities and aptitudes necessary to do most jobs including physical functions such as walking, standing, sitting, and lifting; and mental functions including understanding instructions, using judgment, responding appropriately to work situations, and dealing with changes in a work setting. *See* 20 C.F.R. § 404.1521(b) (2004).

Although it is a claimant's burden to provide evidence that he suffers from a severe impairment, *see Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); 20 C.F.R. §§ 404.1512, .1514, 416.912, .914 (2004), in order to satisfy that burden of proof at step two of the evaluation process the evidence need only be "de minimis." *See Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). Hale has not met this burden. Although he has presented some evidence of mental impairments, the question on this benefits appeal is not whether such impairments exist, but whether

the plaintiff's condition sufficiently restricts his ability to work. Because the regulations do not conclusively establish the point at which an individual's impairments become severe, such a factual determination is relegated to the Commissioner or her agents.

Although Hale has stated that he "has a history of serious mental impairments," (Pl's Br. at 6) the ALJ properly found that the evidence does not demonstrate that these impairments are severe. Indeed, the ALJ noted that Dr. Lanthorn, a consultative examiner, opined that the plaintiff "has no impairment in his ability to learn new material and function intellectually; has no difficulty focusing attention, responding to questions, being alert in an interview, concentrating, initiating and persisting 'when he chooses to do so;' and has only mild limitations in his overall adaptability skills."[1] (R. at 14 (citing Ex. 8F).) While Dr. White opined that the plaintiff was disabled due to ADHD (R. at 227-28), the ALJ noted that Dr. White's opinion and the evidence from St. Mary's Family Center provided no objective basis for their findings.[2] (R. at

---

[1] Although the plaintiff may have "mild" limitations, the Fourth Circuit has explained that an individual's ability to perform basic work functions is not necessarily impaired by "low level personality and emotional disorders that undoubtedly affect–at least from time to time–vast numbers of the populace." *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984) (discussing the Social Security Administration's medical-vocational guidelines, the "grids.").

[2] In any event, Dr. White also reported that the plaintiff's medication, Ritalin, was effective in helping his concentration (R. at 87); the plaintiff's activity and energy level were okay (*Id.*); the plaintiff was cognitively intact (*Id.*); and the plaintiff's ADHD remained stable throughout the relevant period of review. (R. at 256-75.)

14, 16.) Moreover, regarding the plaintiff's diagnoses of ADHD and depression, the ALJ added that such impairments were not apparent on examination by Dr. Lanthorn. (R. at 15.) Thus, the ALJ appropriately resolved the inconsistencies between the conflicting evidence of record and the plaintiff's ability to work.

Based on the record, it was reasonable for the ALJ to find that the plaintiff's impairments are not severe because they do not sufficiently restrict his ability to work. Therefore, I find that the Commissioner's decision is supported by substantial evidence and is framed in accordance with the law.

## *IV. Conclusion*

For the foregoing reasons, I affirm the final decision of the Commissioner of Social Security.

An appropriate final judgment will be entered.

DATED: July 30, 2005

/s/ JAMES P. JONES
Chief United States District Judge